UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
FAIGY RACHEL WEISS,

                            Plaintiff,

         -against-

CITY UNIVERSITY OF NEW YORK;
("CUNY"), the CUNY BOARD OF
TRUSTEES; HUNTER COLLEGE OF THE
CITY UNIVERSITY OF NEW YORK; THE
SILBERMAN SCHOOL OF SOCIAL
WORK AT HUNTER COLLEGE; NIREATA
D. SEALS, in her individual and official
capacity; JOHN ROSE, in his individual and
official capacity; JENNIFER RAAB, in her
individual and official capacity; ROBERTA
NORD, in her individual and official
capacity,

                            Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __6/6/2017__

17-CV-3557 (VSB)

ORDER OF SERVICE

VERNON S. BRODERICK, United States District Judge:

Plaintiff Faigy Rachel Weiss, appearing pro se, brings this action under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, and 42 U.S.C. §§ 1981 and 1983. She alleges that Defendants denied her admission to the Silberman School of Social Work at Hunter College, an entity of the City University of New York ("CUNY"), on the basis of her religion, race, and gender. By order dated May 12, 2017, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. (Doc. 3.)

**STANDARD OF REVIEW**

The Court must dismiss an in forma pauperis complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## DISCUSSION

A. **The Eleventh Amendment**

Plaintiff sues each of the individual Defendants – Nireata D. Seals, John Rose, Jennifer Raab, and Roberta Nord – in their individual and official capacities. She also names as defendants CUNY, the CUNY Board of Trustees, Hunter College, and the Silberman School of Social Work (collectively, "CUNY Defendants"). But under the doctrine of Eleventh Amendment immunity, the Court must dismiss Plaintiff's claims under §§ 1981 and 1983 to the extent they seek monetary damages against the individual Defendants in their official capacities and to the extent they are asserted against the CUNY entities.

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). This includes claims for monetary damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984).

"[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* (internal quotation marks and citation omitted). CUNY's senior colleges are "arms of the state"

2

for Eleventh Amendment purposes.  *Clissuras v. City Univ. of N.Y.*, 359 F.3d 79, 81-82 (2d Cir. 2004); *see also Martinez v. City Univ. of N.Y.*, No. 07-CV-6453 (GBD), 2010 WL 987029, at *2 (S.D.N.Y. Mar. 10, 2010) (applying *Clissurus* and holding that CUNY Graduate Center is an "arm of the state" for Eleventh Amendment purposes).  In addition, "[t]he Eleventh Amendment bars a damages action in federal court against . . . state . . . officials when acting in their official capacity unless the state has waived its sovereign immunity or Congress has abrogated it."  *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Sci.*, 804 F.3d 178, 193 (2d Cir. 2015).

Congress has not abrogated New York's immunity as to claims under § 1983, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990), or § 1981, *see Wang v. Office of Prof'l Med. Conduct, N.Y.*, 354 F. App'x 459, 460 (2d Cir. 2009) (summary order); *Cooper v. N.Y.S. Dep't of Mental Health*, No. 01-CV-0943 (AGS), 2001 WL 456348, at *2 (S.D.N.Y. May 1, 2001).  In addition, New York has not waived its Eleventh Amendment immunity to suit in federal court.  *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).  The Court therefore dismisses, on immunity grounds and as frivolous: (1) Plaintiff's damages claims brought under §§ 1981 and 1983, against the individual Defendants in their official capacities, and (2) Plaintiff's claims brought under §§ 1981 and 1983, against the CUNY Defendants.  *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

**B.    Title VI**

Title VI states that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  42 U.S.C.

3

§ 2000d.  Title VI claims, however, "cannot be asserted against an individual defendant because the individual is not the recipient of federal funding."  *Goonewardena v. N.Y.*, 475 F. Supp. 2d 310, 328 (S.D.N.Y. 2007); *see also Kelly v. Rice*, 375 F. Supp. 2d 203, 208 (S.D.N.Y. 2005) ("The proper defendant in [a Title VI] case is the entity that receives federal financial assistance, not an individual.").  Plaintiff's Title VI claims against the individual Defendants – Seals, Rose, Raab, and Nord – are therefore dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

C.     **Service on Defendants**

To allow Plaintiff to effect service on Defendants CUNY, the CUNY Board of Trustees, Hunter College, the Silberman School of Social Work, Nireata D. Seals, John Rose, Jennifer Raab, and Roberta Nord through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants.  The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon these Defendants.

It is Plaintiff's responsibility to ensure that service is made within 90 days of the date the summons is issued and, if necessary, to request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012).  Plaintiff also must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to the pro se Plaintiff, together with an information package.

The Court dismisses:  (1) Plaintiff's damages claims brought under §§ 1981 and 1983, against Nireata D. Seals, John Rose, Jennifer Raab, and Roberta Nord, in their official capacities; and (2) Plaintiff's claims brought under §§ 1981 and 1983, against CUNY, the CUNY Board of

Trustees, Hunter College, and the Silberman School of Social Work. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Defendants CUNY, the CUNY Board of Trustees, Hunter College, the Silberman School of Social Work, Nireata D. Seals, John Rose, Jennifer Raab, and Roberta Nord, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: June 6, 2017
        New York, New York

_____
Vernon S. Broderick
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

The City University of New York
205 East 42nd Street
New York, New York 10017

The CUNY Board of Trustees
The City University of New York
205 East 42nd Street
New York, New York 10017

Hunter College of the City University of New York
695 Park Avenue
New York, New York 10065

The Silberman School of Social Work at Hunter College
2180 Third Avenue
New York, New York 10035

Nireata D. Seals
2180 Third Avenue
New York, New York 10035

John Rose
695 Park Avenue
New York, New York 10065

Jennifer Raab
695 Park Avenue
New York, New York 10065

Roberta Nord
205 East 42nd Street
New York, New York 10017