August 21, 2019

RECEIVED
SDNY PRO SE OFFICE
2019 AUG 22 PM 1: 15

Honorable Vernon S. Broderick
United States District Judge
United States Courthouse
40 Foley Square NY, NY 10601

**Weiss v. City University of New York, et al.**
**Docket No: 17 Civ. 3557 (VSB);**
**Re: Preliminary relief**

When ruling on a motion for preliminary injunctive relief, a district court must consider four factors: (1) the likelihood that plaintiff will prevail on the merits at final hearing; (2) the extent to which plaintiff is being irreparably harmed by the conduct complained of; (3) the extent to which defendant will suffer irreparable harm if the preliminary injunction is issued; and (4) the public interest. Jiffy Lube, 968 F.2d at 374 (citing Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 197-98 (3d Cir.1990)); Opticians, 920 F.2d at 191-92 (citing Bill Blass, Ltd. v. SAZ Corp., 751 F.2d 152, 154 (3d Cir.1984)). (PAPPAN ENTERPRISES, INC., v.HARDEE'S FOOD SYSTEMS, INC.; MRO Mid-Atlantic Corp., Appellants, v. Louis D. PAPPAN; Panagiota Pappan. No. 97-3473.May 13, 1998)

1- Plaintiff applied to the MSW graduate program at CUNY Hunter College. Plaintiff identified as Jewish, has a degree in Jewish Psychology, and has a Jewish name. Defendants claim that Jews are a religion and they did not ask about religion. Defendants used the interview to profile applicants and place them in racial categories based on skin color. Plaintiff has white skin so defendants determined that Plaintiff is "white". Defendants have submitted a dissertation written by Nireata Seals, who used her official position for personal gain ( also known as public corruption), that demonstrates a pattern of illegal and discriminatory admissions process where all or almost all minority applicants were accepted to the program and that the program has quotas against white-skinned applicants which violates multiple laws as well as affirmative action laws. The court has already determined that plaintiff can prevail on the merits of the case

(granting plaintiff request for pro bono legal assistance) and the defendants can release the the admissions applications and other relative data to expedite the discovery process.

    2- By not being able to get her education and degree which will lead to a license, plaintiff is being harmed by not being able to help people and possibly prevent someone from committing suicide.

    3- Defendants mission is to educate all New Yorkers and will not be harmed by educating an Jewish New Yorker. Defendants further provide scholarships/tuition waivers and insurance to many students and will not be harmed by providing the same services to a Jewish American born citizen.

    4- It is in the best interest of the public to ensure that plaintiff gets an education to help people as no one (except perhaps defendants and their attorney) wants to see Jewish citizens jumping off rooftop bars or killing themselves through other means because they are not understood and are in pain, something that plaintiff understands and knows about and can help them with once she obtains the proper education and license.

    The New York Attorney General is not representing defendants in their official capacity as those claims have already been dismissed. The NYAG continues to represent non-citizens and corrupt government employees while hurting American born citizens who are Jewish and/or have white skin. As previously noted, defendants have engaged in public corruption, fraud, and other federal, state, city, and CUNY violations. The New York Attorney General recently stated that "My office will continue to root out public corruption, uphold the integrity of public office, and bring bad actors to justice at every level of government throughout New York" and that "no one is above the law". However, she continues to represent the defendants who are state/government employees working at CUNY despite the fact that they have violated state, city, federal, and CUNY laws/policies. It is therefore a conflict of interest for the attorney general to

represent a state employee who has violated CUNY, state, city and federal laws as it contradicts the mission of the NYAG and the statements made by the Attorney General of New York.

The semester is starting on August 29, 2019 and there is no reason why plaintiff should not be allowed to continue her education as a matriculated student.

*/s/ Weiss*

Faigy Rachel Weiss
pro se plaintiff