UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                         :
FAIGY RACHEL WEISS,                                      :
                                                         :
                                Plaintiff,               :
                                                         :    17-CV-3557 (VSB)
            - against -                                  :
                                                         :    **OPINION & ORDER**
                                                         :
CITY UNIVERSITY OF NEW YORK, et al.,                     :
                                                         :
                                Defendants.              :
                                                         :
-------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: ___11/10/2019___

Appearances:

Faigy Rachel Weiss
Brooklyn, NY
*Pro se Plaintiff*

Johane Severin
Erin Patricia Kandel
Steven Leon Banks
New York State Office of the Attorney General
New York, NY
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

      Before me are (1) Plaintiff's request for a preliminary injunction, (Doc. 90); (2) Plaintiff's objection to representation of Defendants by the New York State Office of the Attorney General ("Attorney General's Office"), (*id.*); (3) Defendants' request that I dismiss from Plaintiff's recently filed Second Amended Complaint those causes of action that I previously dismissed, (Doc. 94); and (4) Defendants' request that I set a briefing schedule for Defendants' anticipated motion to dismiss, (*id.*). Because Plaintiff has failed to demonstrate irreparable harm or a likelihood of success on the merits, her request for a preliminary injunction is DENIED. Because there is no conflict of interest inherent in the representation of Defendants

by the Attorney General's Office, Plaintiff's request for disqualification is DENIED. Because Plaintiff's Second Amended Complaint is nearly identical to her First Amended Complaint, Defendants' request to dismiss the reasserted causes of action is GRANTED, but their request to dismiss the newly asserted cause of action against current Attorney General Letitia James is DENIED without prejudice to renewal.

I. **Background and Procedural History**

Plaintiff commenced this action on May 11, 2017 by filing a request to proceed in forma pauperis, (Doc. 1), and a complaint against the City University of New York ("CUNY"), the City University of New York Board of Trustees, Hunter College of the City University of New York, the Silberman School of Social Work at Hunter College, and four CUNY administrators, Nireata Seals, John Rose, Jennifer Raab, and Roberta Nord, alleging various claims of discrimination in connection with the rejection of her application for admission to the "Masters of Social Work" ("MSW") program at the Silberman School of Social Work at Hunter College, (Doc. 2).

By order dated June 6, 2017, and pursuant to a review of the initial complaint based upon Plaintiff's in forma pauperis status, as authorized by 28 U.S.C. § 1915(e)(2)(B), I dismissed on the basis of Eleventh Amendment immunity Plaintiff's (1) § 1981 and § 1983 claims asserted against CUNY, the CUNY Board of Trustees, Hunter College, and the Silberman School, and (2) the § 1981 and § 1983 claims for money damages asserted against Defendants Rose, Raab, Seals, and Nord in their official capacities. (Doc. 5.) I also dismissed Plaintiff's Title VI claims against Defendants Rose, Raab, Seals, and Nord, because as individuals they do not receive federal funding. (*Id.*)

After requesting and receiving several extensions, Plaintiff filed her Amended Complaint on April 13, 2018, against CUNY, members of the CUNY Board of Trustees in their

2

official and individual capacities, Hunter College of CUNY, the Silberman School of Social Work at Hunter College, James Milliken, former chancellor of CUNY, in his individual capacity, along with Nireata Seals, John Rose, Jennifer Raab, Roberta Nord, and Eric T. Schneiderman, in their official and individual capacities. (Doc. 31.)

On June 19, 2018, CUNY, Milliken, Seals, Rose, Raab and Nord all moved to dismiss the Amended Complaint, (Doc. 36), noting that Hunter College and the Silberman School are not suable entities and that CUNY is the only proper institutional defendant, (*id.* 2 n.2). On August 13, 2018, after being served, the CUNY Board of Trustees in its official capacity, Eric T. Schneiderman in his individual capacity, and Barbara D. Underwood, then Acting Attorney General, in her official capacity, filed a motion to dismiss indicating that they joined in the June 19, 2018 motion to dismiss filed by the other Defendants. (Doc. 47.) By Opinion & Order dated March 18, 2019, I dismissed all of Plaintiff's claims except for her (1) Title VI claim against CUNY; (2) § 1983 claims against the CUNY Board of Trustees, Milliken, Seals, Rose, Raab, and Nord in their individual capacities; and (3) § 1981 claims against the CUNY Board of Trustees, Milliken, Seals, Rose, Raab, and Nord in their individual capacities. (Doc. 65.)

CUNY, the CUNY Board of Trustees, Milliken, Seals, Rose, Raab, and Nord filed an answer on April 8, 2019. (Doc. 67.) I then held an initial pretrial conference on May 14, 2019, at which Defendants stated their intent to move under Federal Rule of Civil Procedure 12(c) to dismiss most of the remaining claims against Defendants in their individual capacities. Plaintiff indicated a desire to (1) file a second amended complaint and (2) to seek recusal of the Attorney General's Office from this case. During the conference, and subsequently in a written order dated June 6, 2019, I directed Defendants to file their motion to dismiss by June 20, 2019 and granted Plaintiff leave to subsequently file a second amended complaint; I also directed Plaintiff

3

to submit a letter requesting the amount of time she would need to do so. (Doc. 75.) I also directed Plaintiff to inform me by letter whether she intended to file a motion seeking removal of the Attorney General's Office from this case, and if so, how much time she would need to file such a motion. (*Id.*) Finally, the parties were directed to meet and confer and submit a proposed case management plan and scheduling order. (*Id.*) On June 10, 2019, I issued an order directing the clerk to attempt to locate pro bono counsel to assist Plaintiff with propounding discovery. (Doc. 76.)

On June 20, 2019, Defendants filed their second motion to dismiss the amended complaint. (Doc. 78.) On June 21, 2019, the parties submitted a proposed case management plan that scheduled the close of discovery for February 29, 2020. (Doc. 87.) Subsequently, Plaintiff submitted a letter informing me that she wished to amend her complaint and move for recusal of the Attorney General. (Doc. 88.) By order dated July 1, 2019, I directed Plaintiff to file her recusal motion by July 29, 2019, and her second amended complaint by August 29, 2019. (Doc. 89.)

On July 29, 2019, Plaintiff submitted a letter requesting "permission to attend the MSW graduate program at Hunter College Silberman School of Social Work as a full time student with full tuition waiver/scholarship, living stipend and medical/dental insurance as part of preliminary relief." (Pl.'s 7/29/19 Ltr.)[1] Plaintiff also asserted that it is "a conflict of interest for the attorney general to represent a state employee who has violated CUNY, state, city and federal laws as it contradicts the mission of the NYAG." (*Id.*) On August 5, 2019, Defendants filed a letter opposing this request on the grounds that she had failed to make the showing required for a

---

[1] "Pl.'s 7/29/19 Ltr." refers to Plaintiff's July 29, 2019 letter requesting, among other things, admission to the MSW program at the Silberman School of Social Work. (Doc. 90.)

4

preliminary injunction and that her motion to disqualify the Attorney General failed as a matter of law. (Defs.' Opp.)[2] On August 21, 2019, Plaintiff submitted a letter in further support of her request. ("Pl.'s 8/22/19 Ltr.")[3]

On August 29, 2019, Plaintiff filed a second amended complaint that was virtually identical to her amended complaint, except that references to Eric T. Schneiderman, the former Attorney General of New York, were replaced by references to Letitia James, the current Attorney General of New York. (*See generally* SAC.)[4]

On September 17, 2019, Defendants submitted a letter requesting that I dismiss the claims that I had previously dismissed and that Plaintiff reasserted in the Second Amended Complaint, and also asked that I set a briefing schedule for Defendants to renew their second motion to dismiss. (Defs.' 9/17/19 Ltr.)[5]

## II. Discussion

Courts are obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotation marks omitted). Therefore, even though Local Civil Rule 7.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York requires motions to be made by notice of motion with appropriate supporting documents, I construe Plaintiff's July 29, 2019 letter, (Doc. 90), and her August 22, 2019 letter, (Doc. 92), as comprising a motion for a

---

[2] "Defs.' Opp." refers to Defendants' August 5, 2019 letter in opposition to Plaintiff's July 29, 2019 letter. (Doc. 91.)

[3] "Pl.'s 8/22/19 Ltr." refers to Plaintiff's August 22, 2019 letter in further support of her July 29, 2019 letter requesting admission to the MSW program at the Silberman School of Social Work. (Doc. 92.)

[4] "SAC" refers to Plaintiff's second amended complaint, filed on August 29, 2019. (Doc. 93.)

[5] "Defs.' 9/17/19 Ltr." refers to Defendants' September 17, 2019 letter requesting, among other things, that I dismiss the re-asserted claims in the Second Amended Complaint that I had previously dismissed. (Doc. 94.)

5

preliminary injunction and a motion to disqualify the New York Attorney General from representing Defendants. I address each issue in turn below.

### A. *Plaintiff's Request for Preliminary Injunction*

Plaintiff argues that I "already determined that [she] can prevail on the merits" by granting her request for pro bono legal assistance, and that she is harmed "[b]y not being able to get her education and degree" that she could use to help people. (Pl.'s 8/22/19 Ltr. 2.) She misconstrues my order granting her pro bono legal assistance, and fails to meet the criteria for the relief she seeks.

To obtain a preliminary injunction, a moving party must demonstrate: "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *MyWebGrocer, LLC v. Hometown Info., Inc.*, 375 F.3d 190, 192 (2d Cir. 2004) (citation omitted). When an injunction is "mandatory" rather than "prohibitory"—that is, where it seeks to alter the status quo rather than maintain it—a higher standard applies and requires the movant to show "a clear or substantial likelihood of success on the merits." *N. Am. Soccer League, LLC v. United States Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018). Although a district court generally conducts an evidentiary hearing on a motion for a preliminary injunction, such a hearing may be denied "when a movant does not make a sufficient showing of irreparable harm, *SCM Corp. v. Xerox Corp.*, 507 F.2d 358, 360–61 (2d Cir. 1974), when credibility is not at issue, *Sugarhill Records Ltd. v. Motown Record Corp.*, 570 F. Supp. 1217, 1222 (S.D.N.Y. 1983), when the right to a hearing has been waived, *Consolidated Gold Fields PLC v. Minorco, S.A.*, 871 F.2d 252, 256 (2d Cir. 1989) amended by 890 F.2d 569 (2d Cir. 1989); *Drywall Tapers & Pointers Local 1974 v. Local 530*,

954 F.2d 69, 77 (2d Cir. 1992), and when additional evidence will not change the court's finding, *Republic of Philippines v. New York Land Co.*, 852 F.2d 33, 37 (2d Cir. 1988)." *Dodge v. Cty. of Orange*, 208 F.R.D. 79, 86 (S.D.N.Y. 2002).

Here, Plaintiff has not requested an evidentiary hearing, thereby waiving her right to one. *See Consolidated Gold Fields*, 871 F.2d at 256. Moreover, Plaintiff fails to demonstrate or even allege that she would suffer irreparable harm if she is not admitted to the Silberman School and awarded funding. A hearing is therefore not required, and Plaintiff has failed to demonstrate the irreparable harm necessary to justify issuing a preliminary injunction. Even if Plaintiff had established irreparable harm, the status quo here is that Plaintiff does not currently attend the Silberman School as an MSW student, and so awarding the relief she requests would amount to issuing a mandatory injunction, and the ultimate relief she seeks in her lawsuit. The bare summary of her claims included in her letters, with no attempt to make a factual showing, fall far short of demonstrating a "clear" or "substantial" likelihood of success.[6] *See N. Am. Soccer League*, 883 F.3d at 37.

Accordingly, Plaintiff's request for a preliminary injunction order is denied.

### B. *Plaintiff's Request to Disqualify the Attorney General's Office*

"'The authority of federal courts to disqualify attorneys derives from their inherent power to preserve the integrity of the adversary process.'" *First NBC Bank v. Murex, LLC*, 259 F. Supp. 3d 38, 55–56 (S.D.N.Y. 2017) (quoting *Hempstead Video, Inc. v. Incorporated Village of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005) (citing *Bd. of Educ. v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979))). In exercising this power, a court must "'attempt[ ] to balance a client's

---

[6] I did not, as Plaintiff alleges, find that she "can prevail on the merits of the case." (Pl.'s 7/29/19 Ltr. 1–2.) Rather, in my Order directing the Clerk of Court to locate pro bono counsel for Plaintiff, I found that Plaintiff's claim was "likely to be of substance," that she required discovery to prove her claims, and that pro bono counsel could help her do so. (Doc. 76, at 3–4.) I did not make any findings as to the merits of her claims.

7

right freely to choose his counsel against the need to maintain the highest standard of the profession.'" *Id.* (alteration in original) (quoting *Hempstead Video, Inc.*, 409 F.3d at 132).

Accordingly, "[m]otions to disqualify opposing counsel are viewed with disfavor in this Circuit . . . [and] the party seeking disqualification bears a heavy burden of demonstrating that disqualification is necessary." *Decker v. Nagel Rice LLC*, 716 F. Supp. 2d 228, 231–32 (S.D.N.Y. 2010). "[T]he Second Circuit has instructed that disqualification should only be imposed upon a finding that the presence of a particular attorney 'poses a significant risk of trial taint.'" *Gabayzadeh v. Taylor*, 639 F. Supp. 2d 298, 301 (E.D.N.Y. 2009) (quoting *Glueck v. Jonathan Logan, Inc.*, 653 F.2d 746, 748 (2d Cir. 1981)); *see also GSI Commerce Solutions, Inc. v. BabyCenter, LLC,* 618 F.3d 204, 209 (2d Cir. 2010); *Hempstead Video*, 409 F.3d at 132–33; ("other ethical violations can be left to federal and state disciplinary mechanisms" (citing *Nyquist*, 590 F.2d at 1246)).

"In considering motions to disqualify, courts often benefit from valuable guidance offered by the American Bar Association (ABA) and state disciplinary rules." *First NBC Bank*, 259 F. Supp. 3d at 56. "Such rules merely provide general guidance and not every violation of a disciplinary rule will necessarily lead to disqualification." *Hempstead Video*, 409 F.3d at 132. Ultimately, "a motion to disqualify is 'committed to the sound discretion of the district court.'" *First NBC Bank*, 259 F. Supp. 3d at 56 (quoting *Purgess v. Sharrock*, 33 F.3d 134, 144 (2d Cir. 1994)); *see also GSI Commerce Solutions*, 618 F.3d at 209 (reviewing district court order disqualifying counsel for abuse of discretion).

The New York State Attorney General "defend[s] all actions and proceedings in which the state is interested." N.Y. Exec. L. § 63(1). In addition, a state employee is generally entitled to representation by the Attorney General when he or she is sued under 42 U.S.C. § 1983 for acts

8

within the scope of his or her employment. N.Y. Pub. Off. L. § 17(2)(a). The two exceptions to this rule are (1) when the Attorney General "determines based upon [her] investigation and review of the facts and circumstances of the case that representation by the attorney general would be inappropriate," and (2) "whenever a court of competent jurisdiction, upon appropriate motion or by a special proceeding, determines that a conflict of interest exists and that the employee is entitled to be represented by private counsel of his choice." *Id.* § 17(2)(b).

Plaintiff argues that a conflict of interest exists between the Attorney General's Office's representation of Defendants, who she contends "have violated state, city, federal, and CUNY laws/policies," and the Office's mission of "uphold[ing] the integrity of public office, and bring[ing] bad actors to justice at every level of government throughout New York." (Pl.'s 7/29/19 Ltr. 1.)

Defendants assert they are entitled to representation by the Attorney General pursuant to the Public Officers Law and that Plaintiff lacks "standing" to challenge that representation. (Def.'s Opp. 2.) As an initial matter, although it is true that the Public Officers Law does not explicitly provide a plaintiff the right to challenge representation by the Attorney General's Office, Defendants do not cite any controlling federal law establishing that Plaintiff is prohibited from doing so, or suggest that such a prohibition, if it existed, would derive from the doctrine of "standing." Instead, Defendants cite one state court case that held that the plaintiff there lacked standing to challenge representation of defendant by the Attorney General because he had "failed to demonstrate that he has been aggrieved in any way different in kind and degree from the community generally." *Zaccaro v. Parker*, 169 Misc.2d 266, 269 (N.Y. Sup. Ct. 1996). However, the authority of a federal court to disqualify emanates from its "inherent power to preserve the integrity of the adversary process." *First NBC Bank*, 259 F. Supp. 3d at 55–56

9

(quoting *Hempstead Video, Inc.*, 409 F.3d at 132). The state law holding of *Zaccaro* is therefore inapplicable here.

Defendants also cite to a footnote in *Neroni v. Coccoma*, No. 3:13-CV-1340 (GLS/DEP), 2014 WL 2532482, at *13 n.20 (N.D.N.Y. June 5, 2014), *aff'd*, 591 F. App'x 28 (2d Cir. 2015), in which a judge of the Northern District of New York cited to *Zaccaro*, and noted without making a finding that "it is unclear that [plaintiff] has standing to object to the representation of [defendants] by the Attorney General."

Indeed, contrary to Defendant's argument, other federal courts in this district have considered plaintiffs' motions to disqualify the Attorney General's Office from representing a defendant or defendants without finding that the plaintiffs lacked "standing" to bring their motions. *See, e.g.*, *Oxman v. Drager*, No. 18-CV-00687 (ALC), 2018 WL 4043136 (S.D.N.Y. Aug. 13, 2018); *Grant v. Harvey*, No. 09 CIV. 1918(LTS)(KNF), 2012 WL 1958878 (S.D.N.Y. May 24, 2012). Even so, as in those federal cases, Plaintiff fails to demonstrate a conflict of interest that would taint the proceedings or render the Attorney General's Office incapable of representing Defendants in this case. *See Oxman*, 2018 WL 4043136, at *3; *Grant*, 2012 WL 1958878, at *2 (S.D.N.Y. May 24, 2012); *see also Uppal v. New York State Dep't of Health*, No. 16-CV-3038 (VSB), 2019 WL 4735385, at *6 (S.D.N.Y. Sept. 27, 2019). Plaintiff's vague, general allegations that the Attorney General's Office's representation conflicts its mission are insufficient to justify the strongly disfavored relief of disqualification. Moreover, implementing Plaintiff's theory of the law would result in the Attorney General's Office being unable to ever defend state employees against allegations of wrongdoing, rendering the statute meaningless. This result is plainly absurd. Accordingly, Plaintiff's request that I disqualify the Attorney General's Office from representing Defendants is denied.

### C. *Defendants' Request to Dismiss Previously Dismissed Causes of Action*

Under the law of the case doctrine, "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case." *United States v. Carr*, 557 F.3d 93, 102 (2d Cir. 2000) (internal quotation marks omitted). This principle is motivated "by considerations of fairness to the parties, judicial economy, and the societal interest in finality." *Id.* However, "a court's reconsideration of its own earlier decision in a case may . . . be justified in compelling circumstances, consisting principally of (1) an intervening change in controlling law, (2) new evidence, or (3) the need to correct a clear error of law or to prevent manifest injustice." *Id.*

Defendants request dismissal of all previously dismissed causes of action pursuant to the law of the case doctrine. Plaintiff did not and does not seek reconsideration of my prior opinion, nor has she proffered any "compelling circumstances" that might justify such reconsideration. Accordingly, the claims I previously dismissed in my June 6, 2017 Order of Service and my March 18, 2019 Opinion & Order, are once again dismissed. Therefore, the only claims that survive in the Second Amended Complaint are Plaintiff's 1) Title VI claim against CUNY; (2) § 1983 claims against the CUNY Board of Trustees, Milliken, Seals, Rose, Raab, and Nord in their individual capacities; and (3) § 1981 claims against the CUNY Board of Trustees, Milliken, Seals, Rose, Raab, and Nord in their individual capacities.

Plaintiff also asserts a claim against current Attorney General Letitia James, alleging that she "enabl[es] CUNY to discriminate against American born citizens who are not immigrants" and that she "enabl[es] a discriminatory and illegal admissions process at CUNY." (SAC ¶¶ 50–57.) I note that Plaintiff appears to base this claim on the exact same facts upon which she premised her claim against former Attorneys General Eric Schneiderman and Barbara

Underwood, who she previously claimed were the Attorneys General at all times relevant to the Complaint. Those claims have been dismissed. However, because (1) Plaintiff's claim against Defendant James is not identical to Plaintiff's original claim against the prior Attorneys General, (2) Defendants' request to dismiss the claim against Ms. James has not yet been briefed, and (3) Plaintiff is pro se, I decline to dismiss this claim at this time. Defendants' request is DENIED without prejudice to renewal.

### III. Conclusion

For the reasons stated herein, Plaintiff's request for a preliminary injunction is DENIED. Her request to disqualify the Attorney General's Office from representing Defendants is also DENIED. Defendants' request to dismiss Plaintiff's previously dismissed claims is GRANTED. The following claims remain in the Second Amended Complaint: (1) Title VI claim against CUNY; (2) § 1983 claims against the CUNY Board of Trustees, Milliken, Seals, Rose, Raab, and Nord in their individual capacities; (3) § 1981 claims against the CUNY Board of Trustees, Milliken, Seals, Rose, Raab, and Nord in their individual capacities; and (4) Plaintiff's claim against Letitia James, Attorney General of New York, in her official and individual capacity.

IT IS FURTHER ORDERED that Defendant's June 20, 2019 motion to dismiss, (Doc. 78), is denied as moot. Defendants are directed to file their anticipated motion to dismiss the Second Amended Complaint by December 6, 2019. Plaintiff's opposition shall be due by February 4, 2020. Defendant's reply shall be due by March 5, 2020.

The Clerk of Court is respectfully directed to terminate the motion at Document 78.

SO ORDERED.

Dated: November 10, 2019
      New York, New York

_____
Vernon S. Broderick
United States District Judge