UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FAIGY RACHEL WEISS,

            Plaintiff,

– v. –

CITY UNIVERSITY OF NEW YORK, et. al.,

            Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/14/2020

No. 17-CV-3557 (VSB)

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), it is hereby stipulated and agreed, by and between the Parties, and ordered by the Court as follows:

1. This Confidentiality Stipulation and Protective Order shall apply to all information and materials produced or disclosed during the course of the above-captioned action (the "Action"), by any party or non-party, including but not limited to information produced or disclosed:

   a. In any pleading, document, affidavit, affirmation, declaration, interrogatory answer, response to a request for admission, brief, motion, transcript, or any other writing;

   b. In testimony given in a deposition, and any copies, or summaries of such testimony; or

   c. Through any manner or means of discovery, including entry onto land or premises and inspection of books, records, documents and tangible things.

2. The following documents and information produced or provided by the parties or nonparties during the course of this action, including during the course of discovery, may be designated by either the producing or any other party with a bona fide interest in its confidentiality as "Confidential Material":

   a. Documents and information concerning to the substance or contents of any and all applications for admission to the Master of Social Work

1

Program at Hunter College Silberman School of Social Work, including but not limited to application files, evaluations, and evaluator's notes of any party or non-party prepared or maintained by the Silberman School of Social Work or the City University of New York (collectively, "CUNY"), or any of their current or former officers, employees, or agents, including but not limited to documents reflecting the grades, essays, letters recommendation, or demographic profile of any applicant to the Silberman School of Social Work;

b. Documents and information concerning to the substance or contents of any files or records of former or current students enrolled in the Master of Social Work Program at Hunter College School of Social Work, including but not limited to documents reflecting their grades and/or evaluations;

c. Documents and information concerning the substance or contents of any and all personnel files of any party or non-party, including but not limited to personal, departmental, investigatory, disciplinary, and administrative files and other personnel information prepared or maintained by CUNY, or any of their current or former officers, employees, or agents, including but not limited to documents reflecting the salary, conduct, performance, or demographic profile of any current or former CUNY employees;

d. Documents and information related to the Silberman School of Social Work's practices and procedures concerning the MSW admissions process;

e. Documents and information that relate to complaints by or about or investigations or reports of any office, person, or agency about any employee or former employee of CUNY;

f. Documents and information concerning the private, personal, and non-public information of parties and non-parties to the Action;

g. Documents and information concerning the health of any person, including but not limited to documents and information covered by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and records disclosed by a party or nonparty pursuant to any Authorization to Release Medical Records executed by the Plaintiff in this action;

h. Documents and information concerning the mental health of any person, including but not limited to documents and information covered by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and records disclosed by a party or nonparty pursuant to any Authorization to Release Psychotherapy Notes executed by the Plaintiff in this action;

i. Documents and information which all parties agree should be considered Confidential Material;

j. Any other documents and/or information which a party believes in good faith to be Confidential Material; and

k. Testimony about the documents and information covered by Paragraph 2(a)-(g).

3. Nothing herein shall negate or obviate any requirement or obligation of confidentiality independent of this Stipulation.

4.      Any Party producing confidential materials described in Paragraph 2 of this Stipulation ("the Producing Party") may designate such materials as Confidential Material by marking the document with the word "Confidential." So-marked documents and the information contained therein, shall not be disclosed to anyone by the party receiving the Confidential Material ("the Receiving Party"), except as provided in this Stipulation. A Confidentiality designation by one Party shall not be deemed an acknowledgment of confidentiality by any other Party except to the extent said designation requires, pursuant hereto, that such other Party treat said document and/or information as confidential for purposes of this Stipulation. Each Party hereto reserves the right to make an application to the Court on notice challenging a designation of any document or information, in whole or in part, as confidential, but shall at all times treat said document or information as confidential unless and until the designating Party, or the Court, acknowledges or orders otherwise, respectively.

5.      Any Party may designate as Confidential any deposition testimony that the Party believes in good faith discusses or discloses Confidential Material. Such designation may be made orally on the record of a deposition or by notice within 30 days from the receipt of the transcript, during which time the deposition transcript shall be treated as Confidential. Such notice may also be provided at any time thereafter, though if not designated within said initial thirty (30) days, said transcript need not be treated as confidential by a Party until such designation is actually received by him/it. The court reporter shall be notified of any confidentiality designations made after the transcript is sent to the parties. Upon receipt of a confidentiality designation, all Parties in possession of the deposition transcript shall mark the designated pages as confidential on all copies of the transcript and treat those pages of the transcript in accordance herewith.

6. Unless otherwise ordered by the Court or agreed to by the Parties in writing, Confidential Material, including information contained in the Confidential Material or testimony concerning the Confidential Material:

    a. shall be used solely for purposes (including the investigation of and preparation for) this Action, including any proceedings, hearings, depositions, motions, and trial or other proceedings directly related to the conduct of the Action, and not for any other purpose, including any other actions or claims asserted by the Plaintiff or any other person against the Defendants or any claims or actions asserted by Defendants or any other person against Plaintiff; and

    b. may be disclosed only to:

        (1) counsel representing the Parties, employees of counsel or counsel's offices, persons acting under counsel's supervision, and employees and independent contractors of counsel who are directly involved in preparation or litigation of this action;

        (2) the individual Parties to this action and officers or employees of any named Party who are either required by such Party or requested by counsel to assist in the prosecution or defense of the action;

        (3) the Parties' experts and consultants, as necessary for the conduct of this litigation, except that no disclosure may be made to any person unless and until said person has specifically acknowledged and agreed, in writing as set forth in paragraph 7 of this Stipulation;

  (4) for purposes of investigation, preparation, deposition, or trial in this action only, any deponent, witness, or potential deponent or potential witness, provided said person has specifically acknowledged and agreed its obligations hereunder, on the record of the deposition, hearing or trial, or in writing as set forth in paragraph 7 of this Stipulation;

  (5) court reporters, as necessary for the conduct of this litigation; and

  (6) the Court and personnel employed by the Court.

  7. Prior to the disclosure of any Confidential Material to a person identified in subparagraphs 6(b)(3) or (4), the Party proposing to make such disclosure shall ensure that a copy of this Confidentiality Stipulation and Order has been delivered to such person, and shall obtain that person's written agreement to be bound by the terms of this Confidentiality Stipulation and Order and consent to the Court's jurisdiction for the purpose of its terms in the form of the Non-Disclosure Agreement annexed hereto as **Exhibit A**. Counsel of record shall maintain the signed Non-Disclosure Agreement, which upon request shall be provided to counsel for the parties.

  8. All Confidential Material shall be maintained by the Parties in a confidential manner, and shall not be given, shown, or described to any persons other than those described in Paragraph 6. Prior to the commencement of any hearing or trial of this Action, the parties agree to discuss the means, if any, to preserve the confidentiality of any confidential information which may be presented at any such hearing or trial. To the extent the parties agree on a means to preserve such confidentiality, they will execute a Stipulation and Order in accordance with the terms of their agreement. Except as the parties may otherwise agree in writing, a party that intends to file confidential information shall, prior to such filing, apply to the Court for leave to file such

confidential information under seal and/or redact all such confidential information from the publicly filed documents pursuant to the Court's rules and individual practices.

9. If a Party intends to use or elicits testimony concerning Confidential Material at trial or in open court on any occasion in a manner that will disclose the Confidential Material, the Party intending to so use Confidential Material shall take all reasonable steps to protect the material's confidentiality during such use and to continue said material's confidentiality treatment thereafter. Nothing contained herein shall be deemed to restrict the Court's handling of Confidential Material, cause a Party to be in breach of this Stipulation when acting in compliance with an order or direction of the Court, or preclude any good faith use of Confidential Material by any Party for any proper purpose herein.

10. The disclosure of Confidential Material or documents without the "Confidential" designation shall not be deemed a waiver of confidentiality by the Producing Party, either as to the specific information disclosed or as to any other information on the same or related subject matter. The disclosure of Confidential Material and/or documents may be corrected by providing supplemental written notice to the Receiving Party. Thereafter, the disclosed item or information shall be treated as Confidential.

11. This Stipulation does not preclude a Party from raising or preserving objections to discovery and does not waive any Party's right to assert attorney-client, attorney work product, or any other privilege as the action proceeds.

12. This Stipulation does not require, or bar, in and of itself, production of documents as to which objections or privileges apply.

13.     Nothing in this Stipulation shall be construed to limit, modify, or interfere in any manner with any party's disclosure obligations under applicable law, or any Producing Party's use of its own Confidential Material.

14.     If any Party is served with a subpoena or other notice in another proceeding or from a regulatory or other governmental agency requesting or compelling the production of materials produced by another Party and designated as Confidential, the Party so requested shall give written notice to the Party that has designated such material as Confidential (the "Designating Party") of such subpoena or other notice no later than ten (10) business days after receipt of the subpoena or other notice, except that notice shall be given sooner if necessary due to the date indicated in the subpoena or other notice. Upon receipt of such notice, the Designating Party so notified shall bear the burden of opposing, if and as it may deem appropriate, the subpoena or other notice on grounds of confidentiality. In no event shall production or disclosure be made before notice and a reasonable opportunity (no less than ten (10) working days) to oppose such disclosure is given to the Designating Party.

15.     Within thirty days of the final conclusion of this action, including any post-trial motions or appellate proceedings, upon request of counsel, all matter designated as Confidential (including all copies of the same documents or identifiable portions thereof and all documents reflecting the documents or their contents) shall be returned promptly by the receiving Party to the producing Party, or, in lieu of return, destroyed (as by shredding), and in the event of destruction in lieu of return, all such documents (except those returned) shall be promptly certified as destroyed by the Receiving Party, in writing. However, counsel for the Parties, respectively, may retain their work product, copies of court filings and official transcripts and exhibits, provided any and all retained

documents designated or otherwise deemed Confidential Material herein are kept confidential thereafter, in accordance herewith.

16. The Parties, and each of them, reserve the right to seek modification of this Stipulation by application to the Court on notice for good cause shown.

Dated: New York, New York
April 8, 2020

FAIGY RACHEL WEISS
*Pro Se Plaintiff*

*/s/ Faigy Weiss*

P.O. Box 191104
Brooklyn, New York 11219
1rachelw@gmail.com

LETITA JAMES
Attorney General for the State of New York
*Attorney for Defendants*
By:

*/s/ Johane Severin*

Johane Severin
Assistant Attorney General
28 Liberty Street
New York, N.Y. 10005
(212) 416-8565
johane.severin@ag.ny.gov

JOSEPH C. AKALSKI
*Pro Bono Counsel for Plaintiff*

*/s/ Joseph C. Akalski*

Baker Botts L.L.P.
30 Rockefeller Plaza
New York, N.Y. 10112
(212) 408-2524
joseph.akalski@bakerbotts.com

SO ORDERED:

Dated: April 14, 2020

*/s/ Vernon Broderick*

Vernon S. Broderick
United States District Judge

9

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FAIGY RACHEL WEISS,

        Plaintiff,

– v. –

CITY UNIVERSITY OF NEW YORK, et. al.,

        Defendants.

No. 17-CV-3557 (VSB)

I, _____, the undersigned, hereby certify that I have read and understood the Confidentiality Stipulation and Protective Order (the "Order") entered in this action, and I hereby agree to abide by its terms and condition. I understand that Confidential Material and any copies, notes, or other records that may be made regarding Confidential Material shall not be used by me or disclosed to others, except in conformity with this Order, and that I may be held in contempt of court if I violate the terms of the Order. I consent to the exercise of jurisdiction over me by this Court for purposes of enforcement of the Order.

_____    _____
              Signature                                        Date

_____
           Name (Printed)

Sworn to before me this \_\_\_ day of _____, 20\_\_.

_____
   NOTARY PUBLIC

11