UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

FAIGY RACHEL WEISS,

                      Plaintiff,

              17 Civ. 3557 (VSB)

   - against -

              ORIGINAL FILED BY ECF

CITY UNIVERSITY OF NEW YORK ("CUNY"), et al.,

                    Defendants.

------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTIONS TO DISMISS THE SECOND AMENDED COMPLAINT PURSUANT TO RULES 12(b)(6) AND 21 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

                    LETITIA JAMES
                    Attorney General of the
                      State of New York
                  <u>Attorney for CUNY Defendants</u>
                  <u>The CUNY Board, Milliken, Raab, Seals,</u>
                  <u>Nord, and AG James</u>
                  28 Liberty Street
                  New York, New York 10005

Johane Severin
Assistant Attorney General
   *Of Counsel*

Defendants The City University of New York ("CUNY")[1]; "Members of The City University of New York Board of Trustees" ("the CUNY Board"); James Milliken ("Milliken"), former Chancellor of CUNY; Nireata D. Seals ("Seals"), former Assistant Dean of Enrollment Management and Records at the Silberman School of Social Work ("the Silberman School") at Hunter College; Jennifer Raab ("Raab"), President of Hunter College; Roberta Nord ("Nord"), University Director of Student Advocacy; and Letitia James, Attorney General for the State of New York ("AG James") (collectively, the "Defendants"), respectfully submit this reply memorandum of law in further support of their motions to dismiss Plaintiff's Second Amended Complaint ("SAC") pursuant to Rules 12(b)(6) and 21 of the Federal Rules of Civil Procedure.[2]

## Preliminary Statement

Plaintiff's opposition to Defendants' motions to dismiss fails to refute any of their arguments. For example, it is evident that Plaintiff's claims against the CUNY Board Members, Milliken, Raab, and Nord depend entirely on overly general, conclusory allegations and a few irrelevant stray remarks. Neither are sufficient to overcome the factual and legal deficiencies that plague the SAC and compel dismissal of those claims. Moreover, the CUNY Board, Milliken, Seals, Raab, and Nord are clearly entitled to qualified immunity and should be insulated from Plaintiff's quibbles with a holistic admissions review process that has been deemed lawful by the Supreme Court. Similarly, not only are Plaintiff's claims against AG James in her official capacity barred by the Eleventh Amendment, she is immune from personal capacity lawsuits based on alleged violations of §1983. Finally, Plaintiff's request to reinstate her claims under the New York

---

[1] Hunter College, a senior college in the CUNY system, is not a "legally cognizable entity apart from CUNY." *Clissuras v. City Univ. of N.Y.*, 359 F.3d 79, 81 n.2 (2d Cir. 2004) (per curiam), cert. denied, 543 U.S. 987 (2004). CUNY is thus the sole proper institutional defendant in this action.

[2] Defendant John Rose ("Dean Rose"), Dean for Diversity and Compliance and Title IX Coordinator at Hunter College, is not currently seeking dismissal of the claims against him.

State Human Rights Law ("NYSHRL") should be denied because doing so would violate the clear rules of statutory construction. Accordingly, defendants the CUNY Board, Milliken, Seals, Raab, Nord, and AG James respectfully request that the Court grant this motion and dismiss the claims against them and deny Plaintiff's request to reinstate her claims under the NYSHRL.

## ARGUMENT

### I. THE LAW OF THE CASE DOCTRINE DOES NOT PRECLUDE DISMISSAL OF THE CLAIMS AGAINST THE CUNY BOARD MEMBERS, MILLIKEN, RAAB, AND NORD.

Citing the law of the case doctrine, Plaintiff argues that the Court should not dismiss Plaintiff's §§ 1981 and 1983 claims against the CUNY Board Members, Milliken, Raab, and Nord in their personal capacities because the Court previously upheld those causes of action when ruling on Defendants' motion to dismiss Plaintiff's prior Amended Complaint. Pl's Br. at 8-11 (citing ECF Doc. No. 65, March 18, 2019 Decision and Order of the Hon. Vernon S. Broderick ("Dismissal Order")). However, as Plaintiff herself notes in her opposition brief, the law of the case doctrine is not binding. Pl. Br. at 7. Indeed, it "is admittedly discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment." *Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). "[D]istrict courts may [ ] depart from the law of the case and reconsider their own decisions for cogent and compelling reasons if those decisions have not been ruled on by the appellate court." *U.S. v. Quintieri*, 306 F.3d 1217, 1230 (2d Cir. 2002). Cogent and compelling reasons favor the Court's reconsideration here.

As Defendants established in their moving brief, *Ashcroft v. Iqbal* requires Plaintiff to plead and prove that the CUNY Board Members, Milliken, Raab, and Nord each acted with discriminatory purpose. Defs' Br. at 16-17. Specifically, the Supreme Court made it clear that

3

"each Government official, his or her title notwithstanding, is only liable for his or her misconduct." *Ashcroft*, 556 U.S. 662, 677 (2009). The allegations in the SAC fail to demonstrate that the members of the CUNY Board, Milliken, Raab, or Nord did anything to discriminate against Plaintiff. Rather, Plaintiff relies entirely on overly general and conclusory allegations such as, for example, "the Board Defendants have approved a discriminatory admissions process and have not made any changes to ensure compliance with federal and state laws;" "Milliken actually participated in and aided and abetted conduct giving rise to the discrimination claims;" and Raab and Nord "aided and abetted a discriminatory admissions process." Pl. Br. at 8-9 (*quoting* ¶¶ 21, 26-30, 42-49 of the SAC). Not only are these allegations not entitled to the presumption of truth, they are patently insufficient to withstand a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Defendants have also demonstrated that, since the Supreme Court's decision in *Ashcroft*, the Second Circuit's decision in *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995), which previously set forth the standard for establishing supervisory liability, has been heightened significantly. Specifically, when a claim involves allegations of invidious discrimination, supervisory liability can only be imposed in instances where that supervisor directly participated in either the alleged violation or in creating a policy or custom under which the unconstitutional practices occurred. Defs'. Br. at 16-17. Plaintiff has failed to identify any facts which even suggest that either circumstance exists in this case.

Moreover, in previously upholding Plaintiff's §§ 1981 and 1983 claims against CUNY Board, Milliken, Raab, or Nord, the Court relied exclusively on *Colon v. Coughlin*. *See* Dismissal Order at 12-13. It is therefore unclear whether the Court considered the Supreme Court's decision in *Ashcroft* when it concluded that the allegations in the Amended Complaint sufficiently

4

demonstrated the personal involvement of the CUNY Board, Milliken, Raab, and Nord. The Court's reconsideration of its prior decision is therefore warranted. *See Firestone v. Berrios*, 42 F. Supp. 3d 403, 412 (E.D.N.Y. 2013) (reconsideration not warranted where the court "engaged in a thorough analysis and discussed many of the precise legal issues that the Court currently faces."); *see also U.S. v. Eldridge*, 2014 WL 4640848, at *4 (W.D.N.Y. Sept. 16, 2014) (concluding that the Magistrate Judge's failure to specifically consider a reference guide in a decision warranted reconsideration of the issue).

Finally, the interests of justice outweigh the considerations that undergird the non-binding law of the case doctrine. *Chen-Oster v. Goldman, Sachs & Co.*, 251 F. Supp. 3d 579, 589 (S.D.N.Y. 2017) (upon reconsideration, reversing a previous decision that held that former employees lack standing to bring claims for injunctive and declaratory relief because the Court's interest in correcting the law and preventing manifest injustice provided cogent and compelling reasons for the Court to exercise its discretionary power to revisit the ruling). Allowing Plaintiff's claims against the CUNY Board Members, Milliken, Raab, and Nord to move forward exposes them – and those who succeed them in their respective positions – to personal capacity lawsuits from any individual who believes that she was denied admission to CUNY for discriminatory reasons. Indeed, no one, no matter their position, should be subjected to personal liability lawsuits on the basis of a complaint that (1) includes no allegations of direct participation in the alleged constitutional violation (the CUNY Board Members); (2) clearly distorts the plain meaning of public statements while failing to connect those public statements to the allegedly discriminatory action (the CUNY Board, Milliken, and Raab); or (3) for denying a grievance after investigating that individual's claims of discrimination (Raab and Nord). Accordingly, there are numerous cogent and compelling reasons for the Court's reconsideration of its prior decision to uphold

Plaintiff's §§ 1981 and 1983 claims against the CUNY Board Members, Milliken, Raab, and Nord in their personal capacities.

### II.  THE CUNY BOARD MEMBERS, MILLIKEN, RAAB, SEALS, AND NORD ARE ENTITLED TO QUALIFIED IMMUNITY.

Even if the Court declines to reconsider its prior decision, Defendants have demonstrated that the CUNY Board Members, Milliken, Raab, and Nord, as well as Seals, are entitled to qualified immunity and should be dismissed from this action on that basis as well. Arguing against dismissal based on qualified immunity, Plaintiff asserts that (1) admissions decisions do not constitute academic decisions to which courts are expected to show judicial deference and (2) the stray remarks allegedly made by John Rose ("Rose"), Hunter College's Dean for Diversity and Compliance and Title IX Coordinator, create a disputed issue of fact that precludes dismissal on qualified immunity grounds. Pl. Br. at 13-15. Both assertions are incorrect.

First, as established by Defendants in their moving papers, courts are expected to show judicial deference to the decisions made by university administrators. Defs'. Br. at 23. "'[T]he decision to grant or deny admission to a student is a quintessential matter of academic judgment,' and will not be second guessed by the courts." *Getso v. Harvard University Extension School*, 2011 WL 135012, at *8 (S.D.N.Y. Jan. 13, 2011) *quoting Mangla v. Brown Univ.*, 135 F. 3d 80, 84 (1st Cir. 1988). Plaintiff fails to cite a single decision that says otherwise.

Second, none of the comments concerning the admissions process that are attributed to Rose in the SAC implicate any of the CUNY Board members, Milliken, Raab, Seals, or Nord in the allegedly discriminatory admissions process. Accordingly, those remarks are entirely irrelevant to their entitlement to qualified immunity. *Drimal v. Tai*, 786 F. 3d 219, 226 (2d Cir. 2015) ("in assessing the defendants' claim of qualified immunity on remand, the district court must consider the actions of each individual defendant.").

Finally, where, as here, the defense of qualified immunity is asserted in connection with a claim that hinges on a government official's subjective intent,

> the plaintiff must proffer particularized allegations of direct or circumstantial facts... supporting the claim of an improper motive in order to avoid dismissal. That particularized evidence of improper motive may include expressions by the officials involved regarding their state of mind, circumstances suggesting in a substantial fashion that the plaintiff has been singled out, or the highly unusual nature of the actions taken.

*Patterson v. City of New York,* 2017 WL 3432718, at *11 (E.D.N.Y. Aug. 9, 2017) (citations and internal quotations omitted). Plaintiff has offered no such particularized evidence of improper motive on the part of the CUNY Board, Milliken, Seals, Raab, or Nord that could defeat their entitlement to qualified immunity. Accordingly, the claims against them should be dismissed.

### III.    PLAINTIFF FAILS TO STATE ANY CLAIM AGAINST AG JAMES

Unable to refute Defendants' showing that the claims asserted against AG James in her official capacity are barred by the Eleventh Amendment, Defs' Br. at 20-21, Plaintiff's opposition brief does not address this issue at all.  Plaintiff has thus abandoned her claims against AG James in her official capacity, which must therefore be dismissed.  *McGriff v. Keyser*, 2019 WL 6033421, at *12 n.9 (S.D.N.Y. Nov. 13, 2019) ("It is well-settled that the failure to oppose an argument raised in a motion to dismiss is deemed a concession of the argument and abandonment of the claims.").

Instead, Plaintiff exclusively argues that dismissing the claims against AG James in her personal capacity "before the parties have been able to conduct adequate discovery would be premature." Pl. Br. at 18. To the contrary, "[t]he price of entry, even to discovery, is for the plaintiff to allege a *factual* predicate concrete enough to warrant further proceedings, which may be costly and burdensome.  Conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition." *Pension Benefit Guar. Corp. v. Morgan Stanley*

7

*Inv. Mgmt.*, 712 F.3d 705, 719 (2d Cir. 2013) (emphasis in original); *see also Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 625 (S.D.N.Y. 2013) (dismissing claims based on "a handful of sweeping, conclusory allegations. Were the Court to allow such pleading, it would provide an avenue to use the discovery process to conduct baseless fishing expeditions, something the Supreme Court has explicitly directed lower courts to prevent."). In other words, the doors to discovery should not be unlocked for a plaintiff who, as here, is armed with nothing more than conclusions. *Ashcroft*, 556 U.S. at 678-79.

Furthermore, it is well-established that AG James "possesses the same immunity in an action which seeks to hold [her] personally liable for official acts under § 1983 as she does to a similar action for malicious prosecution." *Dacey v. New York County Lawyers' Ass'n*, 423 F. 2d 188, 192 (2d Cir. 1969). Accordingly, the claims against AG James in her personal capacity should be dismissed as well.

### IV. PLAINTIFF'S CLAIMS UNDER THE NYSHRL SHOULD NOT BE REINSTATED

Plaintiff's claims under the NYSHRL have already been dismissed by the Court. *See* Dismissal Order at 22-24. Plaintiff nevertheless included those very same NYSHRL claims in her SAC (ECF Doc. No. 93 at 20) and now argues that they should be reinstated in light of a recent amendment to the NYSHRL that expanded the definition of an educational institution. Pl. Br. at 18-19.

However, "[i]t is a fundamental canon of statutory construction that retroactive operation is not favored by courts and statutes will not be given such construction unless the language expressly or by necessary implication requires it." *Majewski v. Broadalbin-Perth Cent. School Dist.*, 91 N.Y. 2d 577, 584 (1998). "Generally, an amendment will have prospective application only, and will have no retroactive effect unless the language of the statute clearly indicates that it

8

shall receive a contrary interpretation." N.Y. Stat. § 52. When a statute creates a new right of action, the presumption is that the Legislature intended the statute to be applied prospectively, unless it clearly indicates otherwise. *In re Marino S*, 100 N.Y. 2d 361, 370 (2003) (citations omitted).

The amendment at issue had an effective date of July 25, 2019. *See* N.Y. Exec. §292. There is no language in the statute indicating that the New York State Legislature intended the amendment to be applied retroactively, nor does Plaintiff cite any such language. Indeed, the New York State Division of Human Rights, which enforces the NYSHRL, explicitly states on its website that it only has jurisdiction over events involving public colleges and universities that occur "on or after July 25, 2019, based on a 2019 amendment to the Human Rights Law." *See* Educational Institutions: Your Rights Under the Human Rights Law As a Student or Applicant, https://dhr.ny.gov/sites/default/files/pdf/nysdhr-education-discrimination.pdf (last visited April 17, 2020). Accordingly, Plaintiff's NYSHRL claims, which were first filed on April 13, 2018 and are based on events that happened in 2015 and 2016 may not be reinstated.

## CONCLUSION

For the forgoing reasons, defendants the CUNY Board, Milliken, Seals, Raab, Nord, and AG James respectfully request that the Court grant this motion and dismiss the claims against them and deny Plaintiff's request to have her NYSHRL claims reinstated.

Dated: New York, New York
April 20, 2020

> LETITIA JAMES
> Attorney General of the
>   State of New York
> Attorney for CUNY Defendants

shall receive a contrary interpretation." N.Y. Stat. § 52. When a statute creates a new right of action, the presumption is that the Legislature intended the statute to be applied prospectively, unless it clearly indicates otherwise. *In re Marino S*, 100 N.Y. 2d 361, 370 (2003) (citations omitted).

The amendment at issue had an effective date of July 25, 2019. *See* N.Y. Exec. §292. There is no language in the statute indicating that the New York State Legislature intended the amendment to be applied retroactively, nor does Plaintiff cite any such language. Indeed, the New York State Division of Human Rights, which enforces the NYSHRL, explicitly states on its website that it only has jurisdiction over events involving public colleges and universities that occur "on or after July 25, 2019, based on a 2019 amendment to the Human Rights Law." *See* Educational Institutions: Your Rights Under the Human Rights Law As a Student or Applicant, https://dhr.ny.gov/sites/default/files/pdf/nysdhr-education-discrimination.pdf (last visited April 17, 2020). Accordingly, Plaintiff's NYSHRL claims, which were first filed on April 13, 2018 and are based on events that happened in 2015 and 2016 may not be reinstated.

## CONCLUSION

For the forgoing reasons, defendants the CUNY Board, Milliken, Seals, Raab, Nord, and AG James respectfully request that the Court grant this motion and dismiss the claims against them and deny Plaintiff's request to have her NYSHRL claims reinstated.

Dated: New York, New York
April 20, 2020

LETITIA JAMES
Attorney General of the
  State of New York
Attorney for CUNY Defendants

shall receive a contrary interpretation." N.Y. Stat. § 52. When a statute creates a new right of action, the presumption is that the Legislature intended the statute to be applied prospectively, unless it clearly indicates otherwise. *In re Marino S*, 100 N.Y. 2d 361, 370 (2003) (citations omitted).

The amendment at issue had an effective date of July 25, 2019. *See* N.Y. Exec. §292. There is no language in the statute indicating that the New York State Legislature intended the amendment to be applied retroactively, nor does Plaintiff cite any such language. Indeed, the New York State Division of Human Rights, which enforces the NYSHRL, explicitly states on its website that it only has jurisdiction over events involving public colleges and universities that occur "on or after July 25, 2019, based on a 2019 amendment to the Human Rights Law." *See* Educational Institutions: Your Rights Under the Human Rights Law As a Student or Applicant, https://dhr.ny.gov/sites/default/files/pdf/nysdhr-education-discrimination.pdf (last visited April 17, 2020). Accordingly, Plaintiff's NYSHRL claims, which were first filed on April 13, 2018 and are based on events that happened in 2015 and 2016 may not be reinstated.

## CONCLUSION

For the forgoing reasons, defendants the CUNY Board, Milliken, Seals, Raab, Nord, and AG James respectfully request that the Court grant this motion and dismiss the claims against them and deny Plaintiff's request to have her NYSHRL claims reinstated.

Dated: New York, New York
    April 20, 2020

    LETITIA JAMES
    Attorney General of the
      State of New York
    Attorney for CUNY Defendants

<u>The CUNY Board, Milliken, Raab, Seals, Nord, and James</u>

By:

    <u>/s/ JOHANE SEVERIN</u>
Johane Severin
Assistant Attorney General
28 Liberty Street
New York, New York 10005
Tel.: (212) 416-8565
<u>Johane.Severin@ag.ny.gov</u>
