**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

April 29, 2022

**By ECF**
Honorable Valerie Figueredo
United States Magistrate Judge
500 Pearl Street
New York, NY 10007

Re: *Weiss v. City University of New York, et. al.*, No. 17 Civ 3557 (VSB) (DCF)

Dear Judge Figueredo:

This Office represents the Defendants in the above-referenced action. I write in accordance with Magistrate Judge Freeman's Order, dated April 7, 2022, which directed Defendants to file by today any motion to compel regarding their request for documents raised during Plaintiff's deposition – the only outstanding discovery remaining in this case. *See* ECF No. 170. For the reasons described below, Defendants respectfully request an Order directing Plaintiff to either verify her responses to that request or produce the documents identified therein.

As further described in the parties' status report of March 18, 2022, during her deposition on March 10, 2022, Plaintiff identified several relevant documents that had not been previously provided to Defendants. *See* ECF No. 169. Later that day, Defendants served Plaintiff with a written request for those documents (the "Document Request") but Plaintiff refused to respond in any way. *Id.* Accordingly, Magistrate Judge Freeman ordered Plaintiff to respond. *See* ECF No 170.

In her initial response to the Document Request, Plaintiff objected to producing several of the documents at issue. After the parties conferred about Plaintiff's objections, Plaintiff served Defendants with Supplemental Responses to the requests that had previously been in dispute. However, rather than providing Defendants with the documents they had requested as required by Fed. R. Civ. P. 34(b)(2)(B), Plaintiff listed her responses to request numbers 2 and 4, as if responding to an interrogatory. *See* Exhibit A hereto, Plaintiff's Supplemental Response to Document Request, dated April 26, 2022 ("Supplemental Response").[1]

While Defendants do not object to Plaintiff providing the information at issue in this manner if she so chooses, because Plaintiff failed to submit any documents to support the information that is provided in her Supplemental Response, Defendants asked that she verify it. Plaintiff refused, claiming that no rule requires her to verify responses to document requests. However, Plaintiff has responded to Document Requests 2 and 4 as if they were interrogatories, not document requests, and Plaintiff

---
[1] Financial information in Exhibit A has been redacted.

Hon. Valerie Figueredo Page 2
April 29, 2022

should therefore be required to verify her responses, affirming the truth and accuracy of the information contained therein. *See* Fed. R. Civ. P. 33(b)(3) ("Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."); *see also* Fed. R. Civ. P. 33(b)(5) ("The person who makes the answers must sign them, and the attorney who objects must sign any objections."). Accordingly, Defendants respectfully request an Order directing Plaintiff to either verify her Supplemental Response or produce the requested documents.

Respectfully submitted,

/s/ JOHANE SEVERIN

Johane Severin
Assistant Attorney General
Tel.: (212) 416-8565

---

SO ORDERED

_____
VALERIE FIGUEREDO
United States Magistrate Judge

Dated: 5-20-2022

Defendant's motion to compel is granted. Plaintiff is ordered to either produce the documents that are responsive to Document Requests 2 and 4, served by Defendant following Plaintiff's deposition, or to verify her responses to those requests. With regard to Plaintiff's argument raised in her May 4, 2022 letter (see ECF No. 173)--that Defendant was not required to verify certain responses previously provided in a list format to Plaintiff and thus Plaintiff should not be required to verify her recent responses to Defendant's requests--the Court finds the argument unpersuasive. Plaintiff was represented by able counsel at the time Defendant served its responses to Plaintiff's document requests, and counsel did not object to the form in which Defendant provided its responses. Moreover, discovery in this case closed on March 18, 2022. See 4/7/22 Order, ECF No 170. Discovery remained opened after March 18th only for the limited purpose of resolving the instant dispute over Defendant's document requests. See id. As such, Plaintiff cannot now raise new complaints about discovery that Defendant previously provided and for which Plaintiff never previously objected.