STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

June 9, 2022

**By ECF**
Honorable Valerie Figueredo
United States Magistrate Judge
500 Pearl Street
New York, NY 10007

> Application Granted
>
> Valerie Figueredo, U.S.M.J.
> DATED: 6-13-2022
>
> Plaintiff is directed to comply with the Court's Order dated May 20, 2022 (ECF No. 178) no later than June 30, 2022. The Clerk of Court is respectfully directed to close the motion at ECF No. 181.

Re: *Weiss v. City University of New York, et. al.*, No. 17 Civ 3557 (VSB) (DCF)

Dear Judge Figueredo:

    This Office represents the Defendants in the above-referenced action. I write to oppose Plaintiff's motion seeking reconsideration of the Court's May 20, 2022 Order, which directed Plaintiff to either verify her responses to two of Defendants' post-deposition document requests or produce the documents identified therein. *See* Order, ECF No. 178. I further request that the Court order Plaintiff's counsel to comply with the Order by June 20, 2022 (or another date certain).

    On April 29, 2022, Defendants moved to compel Plaintiff to either verify her responses to two of Defendants' post-deposition document requests or produce the documents identified therein. *See* Motion to Compel, ECF No. 171. Represented by Susanne Toes Keane of the New York Legal Assistance Group, Plaintiff opposed Defendants' motion on May 4, 2022. *See* Plaintiff's Opposition, ECF No. 173. The Court held a conference regarding the motion on May 19, 2022, at which Plaintiff was again represented by Ms. Toes Keane. On May 20, 2022, the Court granted Defendants' motion to compel and directed Plaintiff "to either produce documents that are responsive to Document Requests 2 and 4, served by Defendant following Plaintiff's deposition, or to verify her responses to those requests." *See* Order, ECF No. 178 at p. 2.

    Immediately after the Order was issued, I forwarded the Order to Ms. Toes Keane, and asked that she produce the requested documents or Plaintiff's verified response no later than May 27, 2022. Having received neither a response to my email nor the requested documents by May 31, 2022, I emailed Ms. Toes Keane again asking that Plaintiff comply with the Court's Order by June 3, 2022. On June 2, 2022, Ms. Toes Keane replied that the Order "did not specify a date for Ms. Weiss's compliance and I did not agree to the dates you imposed for compliance with the Judge's Order." *See* Email Correspondence attached as Exhibit A. Ms. Toes Keane also informed me that her "representation for the post-deposition discovery is concluded" and advised me to follow up with Plaintiff directly regarding the Order. *Id.*

    However, as Ms. Toes Keane is well aware, former Magistrate Judge Freeman had explicitly directed her to respond to the requests at issue on behalf of Plaintiff, as well as to respond to any

Hon. Valerie Figueredo  Page 2
June 9, 2022

follow-up. *See* Order re: Joint Status Report, ECF No. 170 ("[C]ounsel who represented Plaintiff at her deposition is directed to respond, in writing, to the discovery requests made at the deposition or in follow-up thereto."). Ms. Toes Keane represented Plaintiff at her deposition and, accordingly, it was Ms. Toes Keane who, on behalf of Plaintiff, interposed both the initial and supplemental responses to the document requests at issue; opposed Defendants' motion to compel in connection with those requests; and appeared at the Court conference regarding the motion. For Ms. Toes Keene to now disclaim any responsibility for complying with the Court's Order resolving that very motion is impractical at best.[1]

In any event, a few hours after Ms. Toes Keane told me to follow-up with Plaintiff directly regarding the Court's Order because her representation had concluded, Plaintiff filed a letter motion pro se in which she "objected" to that Order and asked the Court to reconsider its decision. *See* Plaintiff's Letter Motion, ECF No. 179. Plaintiff's request for reconsideration is groundless and should be summarily denied.

"The standard for granting [ ] a motion for reconsideration is strict, and… will be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). Reconsideration of a prior ruling is justified only when there has been "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790). Plaintiff makes no such showing. Rather, Plaintiff seeks to justify her flagrant noncompliance with the Court's May 20, 2022 Order by making baseless and spurious accusations about issues that have already been decided. Defendants will not respond to those accusations except to say that they are entirely without merit.

In short, it has been five years since Plaintiff filed this lawsuit challenging an admissions decision that was made seven years ago. The parties engaged in discovery for more than three years, and Plaintiff was represented by counsel during all that time. Yet Plaintiff has failed to uncover any evidence to support her claims in this case. Attempting to escape this reality, Plaintiff now seeks to continue to stall. Defendants, on the other hand, seek finality. Accordingly, we respectfully request that the Court deny Plaintiff's motion for reconsideration and order Plaintiff's counsel to comply with its May 20, 2022 Order by June 20, 2022 (or another date certain) so that Defendants can complete this outstanding discovery, move for summary judgment, and finally bring this case to a close.

Respectfully submitted,

/s/ JOHANE SEVERIN
Johane Severin
Assistant Attorney General
(212) 416-8565

---

[1] Indeed, based on Ms. Toes Keane's statement that her representation of Plaintiff has concluded, it is unclear whether she intends to appear on Plaintiff's behalf at the conference scheduled for June 13, 2022 to address Plaintiff's motion for reconsideration. *See* Scheduling Order, ECF No. 180. I forwarded the Scheduling Order, which directs "[c]ounsel for the parties" to appear, to Ms. Toes Keane, as well as Plaintiff's attorneys at Baker Botts, but have not received any response.