Jan 3, 2023

**SO ORDERED**
VALERIE FIGUEREDO
United States Magistrate Judge
Dated: 1-4-2023

Plaintiff's deadline to file a reply brief in support her spoliation motion is adjourned sine die. A conference in this matter is hereby scheduled for January 11, 2023 at 11:00 a.m. Counsel for the parties are directed to call Judge Figueredo's AT&T conference line at the scheduled time. Please dial (888) 808-6929; access code 9781335.

Honorable Judge Valerie Figuero

United States Magistrate Judge

United States Courthouse

40 Foley Square NY, NY 10601

**Weiss v. City University of New York, et al.**

**Docket No: 17 Civ. 3557 (VSB);**

**RE: Extension for time to respond to defendant's opposition to spoliation motion**

To the Magistrate Judge Figueredo,

    I am writing to respectfully request an extension for time to respond to the defendant's opposition to my spoliation motion. Opposing counsel was told to provide a reason as to why they were not required to save the applications without citing the law but she failed to do so and instead put in multiple case law that is taking me time to read and respond to. Opposing counsel, who has since recused herself from the case, admitted in her opposition brief that defendants had all the applications at the time they were served by the Marshalls but does not seem to provide a legitimate reason as to why the defendants are above the law. I am in the middle of reading the numerous case law opposing counsel put in her response and need more time to complete the response.

    Opposing counsel, who has since recused herself from the case, did claim that the defendants found the rest of the applications they previously claimed not to retain. I do not know if the defendants can use their newly discovered documents which they clearly did not look for previously but if they are allowed to use it then I respectfully ask that the defendants provide me with the actual applications without dismantling it any further. Previously, the defendants have provided me with some unverified lists that they created instead of giving me the actual applications. Defendants attorney at that time, who has also recused herself from the case, said that these

unverified lists are not based on the rules of discovery and is grounds for an appeal. The Defendant's attorney also claimed that the pro bono lawyer I had for limited purposes only did not object to the decision to allow the defendants to hold on to their evidence and dismantle it and is therefore the reason why the defendants were not required to follow the rules of discovery. If the magistrate judge believes that the lawyer who assisted me on a limited pro bono basis was wrong in not objecting to the decision that was not based in discovery laws and allowed the defendants to hold onto their own documents while dismantling the information then the judge should sanction the lawyer since even lawyers who take on cases on a pro bono basis have a fiduciary duty to ensure that the laws are followed. However, at the time the decision was made to allow the defendants to retain the applications and only provide me with the unverified dismantled lists, the defendants were adamant that they did not have all the applications. Now the defendants claim that they found the applications and should not be allowed to hold on to it, especially since the defendants have an illegal and discriminatory admissions process and are falsifying their own data to cover up their illegal and discriminatory activity. Defendants are so used to engaging in illegal activity and being dishonest without any oversight that they have been dishonest to their own attorneys who are now recusing themselves from the case as per the rules of ethics. If the judge allows them to use the newly discovered documents then I ask for the applications in their original form without it being dismantled so they can be fact checked. If the judge continues to claim that the defendants can hold on to their own documents and just give me more unverified dismantled lists that do not match each other then the judge should sanction the lawyer who assisted me on a limited pro bono basis for failing to do his fiduciary duty. If the judge allows the defendants to hold on to their documents and refuses to sanction the lawyer who assisted me on a limited pro bono basis then the judge should recuse herself from the case for aiding and abetting the illegal and discriminatory actions of the defendants just like the defendants lawyers are required to recuse themselves for ethical purposes instead of aiding and abetting the illegal actions of the defendants.

If the defendants are not allowed to use their newly discovered documents then I respectfully ask for 90 more days to respond to the defendants' opposition to my spoliation motion with the option to extend the time if necessary. The defendants now have a new lawyer who will presumably ask for several months to review the case so it should not be a problem for me to get additional time to complete my response to their opposition to my spoliation motion.

Respectfully submitted,

Faigy Rachel Weiss

Pro Se Plaintiff

646-657-6181

P.O.B. 191104

Brooklyn NY 11219