**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
FAIGY RACHEL WEISS,

                     Plaintiff,

          -against-

CITY UNIVERSITY OF NEW YORK et al.,

                    Defendants.
------------------------------------------------------------------X

                    **17-CV-03557 (VSB) (VF)**

                    **ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge:**

The transcript of the proceeding held on May 11, 2026 is attached hereto as Exhibit A.

The Clerk of Court is respectfully directed to mail a copy of this order, including the exhibit, to

pro se Plaintiff.

     **SO ORDERED.**

DATED:     New York, New York
            May 28, 2026

                             _____
                             VALERIE FIGUEREDO
                             United States Magistrate Judge

# Exhibit A

```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF NEW YORK
------------------------------:

FAIGY RACHEL WEISS,            : Case No.: 17-CV-3557

                  Plaintiff, :

     v.                        :

CITY UNIVERSITY OF NEW YORK,  : New York, New York

et al.,                        : May 11, 2026

                  Defendants.:

------------------------------:
```

TRANSCRIPT OF STATUS CONFERENCE HEARING

BEFORE THE HONORABLE VALERIE FIGUEREDO

UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

```
For Plaintiff:          FAIGY RACHEL WEISS
                        Plaintiff Pro Se
                        P.O. Box 191104
                        Brooklyn, New York 11219

For Defendants:         OFFICE OF THE NEW YORK STATE
                        ATTORNEY GENERAL
                        BY:  Eva L. Dietz, Esq.
                        28 Liberty Street
                        New York, New York 10005
```

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.

AMM TRANSCRIPTION SERVICE  -  631.334.1445

THE DEPUTY CLERK:  Good afternoon.  This is the matter of Weiss v. City University of New York, et al.; Case Number: 17-cv-3557.  The Honorable Valerie Figueredo presiding.

Ms. Weiss, can you please make your appearance for the record?

MS. WEISS:  Faigy Rachel Weiss, plaintiff.

THE DEPUTY CLERK:  And defense?

MS. DIETZ:  This is Eva Dietz at the Attorney General's Office for defendants.

THE COURT:  Good afternoon, everyone.  This is Judge Figueredo.

I wanted to give you an oral ruling on the motion for sanctions that's on the docket, so I'm going to read you the decision.

So, as I said, pending before the Court is a motion for sanctions filed by pro se plaintiff, Faigy Rachel Weiss, against defendants, the City University of New York, CUNY; Members of the CUNY Board of Trustees, James Milliken, Nireata Seals, John Rose, Jennifer Raab and Roberta Nord.  And collectively these are the defendants at the motions at ECF Number 286.

Plaintiff seeks sanctions under Federal Rules of Civil Procedure 11, the court's inherent

AMM TRANSCRIPTION SERVICE  -  631.334.1445

power, and 28 U.S.C. 1927.  For the reasons that I'm about to state, the request for sanctions is denied.

As is relevant here, plaintiff previously filed a motion for spoliation of evidence on August 22, 2022.  That's at ECF 196.

And I'll just say before I go further that I'm assuming the parties' familiarity with the factual and procedural history of this case, which is recounted in the June 23, 2025 summary judgment decision of Judge Broderick.  So I'm only going to recount the background information that's limited -- I'm only recounting the background information that's relevant to the instant motion.

So, as I was saying, plaintiff filed the spoliation motion in August of 2022.  In that motion, plaintiff sought spoliation sanctions based on her contention that defendants had deliberately destroyed her application and admission materials. The Court denied that motion on January 12th of 2023.  That's at ECF 231.

Defendants moved to dismiss the complaint on June 19, 2018.  That's ECF Numbers 36 through 38. And the Court issued an opinion and order granting in part and denying in part the motion to dismiss on March 18, 2019.  That's ECF 65.

On November 18, 2025, after the Court's summary judgment decision and the issuance of a judgment in defendants' favor closing the case, plaintiff filed the instant motion for sanctions against defendants and their counsel.  That's at ECF 286 and 287.

Plaintiff alleges that sanctions are warranted because, one, defendants' motion for summary judgment contained a misrepresentation about the tax status of Hunter College's Silberman School of Social Work; two, defendants' motion to dismiss contained a statement regarding affirmative action laws that was later contradicted by deposition testimony; three, defendants destroyed relevant records and used data from applicants who did not complete their application and did not pay their application fee; and four, defendants violated plaintiff's privacy by publicly filing her admission application.

Plaintiff seeks attorney's fees and costs, the sealing of her admission application, an adverse inference as it concerns the spoliation of evidence, and the disqualification of the Attorney General's Office and its attorney on this case.

Defendants opposed the motion for sanctions

on December 15th of 2025, and plaintiff filed the reply in further support of her motion on December 26, 2025.

I'm going to briefly recount the legal standard.

Federal Rule of Civil Procedure 11 provides for sanctions if an attorney presents a pleading, written motion or other paper to the court that has been interposed for an improper purpose, or where after reasonable inquiry a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law, or a good faith argument for the extension, modification or reversal of existing law. This is *Baker v. Urban Outfitters* at 254 F.2d 346, pincite 359. It's an SDNY decision from 2003.

The improper purpose clause requires that a party not submit a pleading, motion or other document for the purpose of delay, harassment or increasing the cost of litigation. Again, it's *Baker* at page 360.

With respect to the requirement that an attorney signing a pleading, a motion or other paper have a reasonable belief that arguments are well grounded in fact or warranted by law, sanctions are

not appropriate unless a claim has absolutely no chance of success under the existing precedent. A pleading or motion violates Rule 11 if it is frivolous, legally unreasonable or factually without foundation. This is *Defrancesco v. Mirador Real Estate*, 2022 Westlaw 203147 at pincite 2, SDNY, January 24, 2022.

28 United States Code § 1927 authorizes a court to sanction an attorney who so multiplies the proceedings in any case unreasonably and vexatiously. This is *Mahoney v. Yamaha Motor*; 290 F.R.D. 363 at pincite 369. It's an Eastern District of New York decision from 2013.

The imposition of sanctions under § 1927 requires a clear showing of bad faith on the part of an attorney, and that bad faith may be inferred only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay or harassment. I'm citing *Salovaara v. Eckert*; 222 F.3d 19, pincite 35, Second Circuit, 2000.

A court has the inherent power to sanction a party who has acted in bad faith vexatiously, wantonly or for oppressive reasons. This is *Defrancesco*, 2022 Westlaw 203147 at pincite 2.

To impose sanctions, the Court must find bad faith, and bad faith must be shown by clear and convincing evidence that the actions in question are taken for harassment or delay or other improper purposes. *Dwelling Management Inc. v. Mission 8*; 2023 Westlaw 8307986 at pincite 2, SDNY, December 1, 2023.

Because the same standard applies to sanctions under § 1927, sanctions under § 1927 are the Court's inherent power -- inherent authority -- excuse me -- requires a highly specific showing of bad faith.

"Regardless of the underlying authority of the sanctions requested, courts should exercise restraint in awarding sanctions and sanctions should be reserved for extreme cases."  This is a quote from *Harris v. NYU Langone Medical Center*; 2013 Westlaw 3487032 at pincite 35.  It's an SDNY decision from July 9th of 2013.

First, plaintiff's sanctions motion is untimely as it concerns plaintiff's request for sanctions for statements made in connection with the briefing of a motion to dismiss and motion for summary judgment.  Those motions were fully briefed in 2018 and 2024, respectively.  Plaintiff did not

AMM TRANSCRIPTION SERVICE  -  631.334.1445

file the instant motion until November 18, 2025, several years after the decision on a motion to dismiss which was issued in March of 2019, and several months after the Court's decision on the summary judgment motion.

Additionally, as it concerns the public filing of her admission application and the alleged spoliation of evidence, all of that conduct also occurred long before the instant motion.

Indeed, the spoliation of evidence issue was raised by plaintiff in August of 2022 and decided by the Court in January of 2023.

Similarly, the admission application was discussed in connection with the defendants' motion for summary judgment, which was made on June 30th of 2023.  This is ECF Number 243 at paragraphs 21 to 24.

Courts in this district have denied motions for sanctions where the moving party delayed too long in seeking such relief.  I'm citing specifically *Weinreich v. Sandhaus*, 156 F.R.D. 60 at page 63.  It's an SDNY decision from 1994 that denied sanctions motions as sanction -- denied a sanction motion as untimely because the conduct relied on occurred between three and six years ago.

I'm also citing *Cohen v. Equifax Information Services.*  It's a 2021 Westlaw 4393129 at pincite 4, SDNY, February 24, 2021.

Circuit courts throughout the country readily hold that Rule 11 motions filed at late stages of a case or after a case has been closed are inappropriate.

Plaintiff argues that the motion is timely because the full impact of defendants' misconduct only became clear after the Court's January 23, 2025 summary judgment ruling, which relied on a tainted record, but plaintiff's allegation that the record was tainted is wholly conclusory.

Likewise, plaintiff points to no evidence of bad faith to support her assertion that the motion is timely because there is ongoing bad faith, nor has plaintiff pointed to any actual sanctionable misconduct by defendants or their counsel.  Even if not untimely, plaintiff's motion fails on the merits.

With respect to her request for Rule 11 sanctions, plaintiff has not demonstrated that defendants made any filings that were frivolous, legally unreasonable or factually without foundation as required to obtain sanctions under Rule 11.

Although plaintiff claims that defendants made false statements in the motion to dismiss and motion for summary judgment, plaintiff has not shown that the statements were false. She does not even quote the allegedly false statements.

As it concerns her request pursuant to § 1927 and the Court's inherent power, plaintiff has not put forth clear evidence that the conduct at issue is entirely without color and motivated by an improper purpose.

At bottom, plaintiff appears to want to re-litigate the denial of her sanctions motion and the grant of summary judgment, neither of which is a proper basis for an award of sanctions.

Finally, the request to relieve plaintiff's fees is also improper. Plaintiff seeks attorney's fees and costs, but it is well established that a pro se litigant is not entitled to an award of attorney's fees. I'm relying on *Coyle v. Coyle*, 334 F.2d 284 at pincite 288, EDNY, 2004, where the court notes that it is well settled that pro se litigants are not entitled to an award of attorney's fees.

Plaintiff also seeks sealing of her admissions application, but the proper avenue for such relief is a sealing motion. In any case, to

the extent the application materials were submitted in connection with the summary judgment motion, such materials would be judicial documents to which a strong presumption of access attaches. And I'm specifically citing *Local 3621 v. City of New York*, 2025 Westlaw 2926564 at pincite 1, SDNY 2025, where the court says, and I quote, "Materials submitted in connection with motions for summary judgment should not remain under seal absent a most compelling reason."

Plaintiff also seeks an adverse inference for the spoliation of the admission records, but this is relief plaintiff previously requested and was denied when she filed a spoliation motion.

Lastly, plaintiff seeks disqualification of the Attorney General's Office. But this relief, too, was previously requested and denied. And I'm citing ECF Number 100 at page 2.

So for all of these reasons, the motions for sanctions is denied. I'll enter an order just memorializing that a decision was rendered on the record, and it will close out the gavel.

Does anyone have any questions?

MS. DIETZ: No, your Honor.

MS. WEISS: Can you explain FERPA laws?

THE COURT:  I'm sorry?

MS. WEISS:  Can you explain FERPA laws and what a confidentiality agreement between the parties where if a party wants to put confidential records on this -- on the record, they have to -- they have to file leave of court?

Can you explain, like, how that applies to a transcript, like school records?

THE COURT:  I actually have no idea what you're asking.  So what is the law --

MS. WEISS:  FERPA.  FERPA laws.

THE COURT:  FERPA?

MS. WEISS:  Yeah.

THE COURT:  Is that like a statute -- is that like a statutory provision or ...

MS. WEISS:  It's privacy, like, the -- there are privacy laws for records that schools cannot disregard.

THE COURT:  So I think whatever privacy laws you're referring to aren't applicable in a legal proceeding.  I mean --

MS. WEISS:  Is that an exception to the -- is that an exception to the FERPA laws?  Does it say that in the FERPA laws?

THE COURT:  I have no idea what law you're

AMM TRANSCRIPTION SERVICE  -  631.334.1445

referring to.

MS. WEISS:  Okay.

THE COURT:  I'll be perfectly candid.  I think if you're -- if what we're talking about is the fact that they filed documents on the docket, again, there's a Second Circuit case that deals with documents that need to be either redacted or filed under seal.  It's called *Lugosch*, and that sets the standard for when documents -- when the First Amendment right to have materials made public are either outweighed or not outweighed by any countervailing confidentiality or privilege.

But absent that, I'm not sure what you're referring to, Ms. Weiss.  If you want to file a letter, you certainly can.  But I'll just note that for purposes of the sanctions motion, any issue with regards to violation of any privacy interest is addressed by what I indicated in today's decision.

MS. WEISS:  The Family Educational Rights and Privacy Act, federal laws protecting the privacy of student education records applying to all schools receiving Department of Education funds.  It grants parents of students over 18 rights to inspect, request or control disclosure of personal identifying information.  Schools generally must

AMM TRANSCRIPTION SERVICE  -  631.334.1445

have written permission from parents or eligible students to release any information from a student's education.

THE COURT:  Again, if you want to file a letter with regards to that statute, you're certainly -- you know, you can do so, but I'm not sure -- I don't know what you want me to do with that statute right now.

MS. WEISS:  I requested for the records to be sealed because Ms. Dietz never -- the opposing counsel never took leave of court to even put it -- release it from the confidentiality agreement.  I never consented to it being made public.  And I asked her from the start to seal it, to put it in under seal.  And she was also required to put it in under redaction, which she didn't do either.  So ...

THE COURT:  So if this is what you filed -- if we are talking about the documents filed in connection with the summary judgment motion, and it's the materials that would have been relied on by the Court, as I indicated, there's -- first off, I'm not -- I don't know if whatever statute you cited, you know, at all binds them in the context of a litigation like this.  But, as I said, judicial documents have a strong presumption of access, and

they would normally, absent compelling reasons, not be filed under seal.

MS. WEISS:  Okay.  I have to look at all the case law because I don't know any of the case law that you quoted offhand, so I would have to check and then add this to my appeal, I guess.

THE COURT:  Yes, you can certainly add this to the appeal, if you would like.

Thank you very much, everyone.

MS. WEISS:  Thank you.

MS. DIETZ:  Thank you.

0o0

AMM TRANSCRIPTION SERVICE  -  631.334.1445

C E R T I F I C A T E


     I, Adrienne M. Mignano, certify that the foregoing transcript of proceedings in the case of Weiss v. City University of New York; Docket #17CV3557 was prepared using digital transcription software and is a true and accurate record of the proceedings.


Signature   *Adrienne M. Mignano*  _____

          ADRIENNE M. MIGNANO, RPR


Date:      May 28, 2026

AMM TRANSCRIPTION SERVICE  -  631.334.1445